IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY JACOBS,

                                   Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

                                   Defendant.

ORDER

08-cv-205-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil action for injunctive relief brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§701-706. Plaintiff Gregory Jacobs, a federal prisoner, alleges that defendant Federal Bureau of Prisons is using 28 C.F.R. §§ 570.20 and 570.21 to determine when he is eligible for placement in a halfway house. Under §§ 570.20 and 570.21, plaintiff may not be transferred to a halfway house until the final 10% of his sentence. He contends that the regulations are invalid under 18 U.S.C. § 3621(b), which permits the Federal Bureau of Prisons to place prisoners in "any available penal or correctional facility," using five statutory criteria to make the assessment. He requests a preliminary injunction directing defendant to determine his eligibility for halfway house placement without reference to §§ 570.20 and 570.21. He has paid the $350 filing fee.

1

Plaintiff has provided proof that he is challenging "final agency action" in accordance with 5 U.S.C. § 704 by attaching to his complaint the response from the highest reviewing authority, denying his grievance under 28 C.F.R. § 570.20. Because plaintiff has completed the administrative remedy process, he may proceed under § 704. Darby v. Cisneros, 509 U.S. 137, 146 (1993).

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and dismiss any portion of it that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. Plaintiff raises the same claim as the one raised in Tristano v. Federal Bureau of Prisons, No. 07-C-189-C (W.D. Wis. 2007), in which I granted a preliminary injunction to a prisoner arguing that 28 C.F.R. §§ 570.20-21 were invalid and that 18 U.S.C. § 3621(b) entitled him to immediate consideration for transfer to a halfway house. Accordingly, I conclude that plaintiff has stated a claim upon which relief may be granted on his claim against defendant Federal Bureau of Prisons. Once defendant has been appropriately served with plaintiff's complaint, it may have 30 days in which to file a response to petitioner's motion for a preliminary injunction.

Under Fed. R. Civ. P. 4(i), service on a federal agency is accomplished by "sending a copy of the summons and complaint by registered or certified mail to the . . . agency,"

2

"sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney" in the relevant judicial district and "sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States."  For the sake of expediency, I will send a summons to the bureau, the local United States Attorney and the United States Attorney General via certified mail, along with a copy of plaintiff's complaint, this order, the materials supporting plaintiff's motion for a preliminary injunction and this court's procedures on motions for preliminary injunctions.  Plaintiff should <u>not</u> attempt to complete service on his own behalf.

ORDER

IT IS ORDERED that

1.  Defendant Federal Bureau of Prisons may have 30 days from the date of service of the complaint upon the United States attorney in which to file a response to plaintiff's motion for a preliminary injunction.  Plaintiff may have 15 days from the date he is served with the response in which to file a reply.

3. For the remainder of this lawsuit, plaintiff must send defendant a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer will be representing defendant, he should serve the lawyer directly rather than defendant. The

3

court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendant or to defendant's attorney.

    4. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

    Entered this 11th day of April, 2008.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge